# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

WILLIAM TRIAY

VERSUS

LOUISIANA INSURANCE GUARANTY
ASSOCIATION

NO.  2025 CW 0654

**NOVEMBER 3, 2025**

---

In Re:   Louisiana Insurance Guaranty Association, applying for
supervisory writs, 22nd Judicial District Court, Parish
of St. Tammany, No. 2023-14996.

---

BEFORE:   **LANIER, WOLFE, AND HESTER, JJ.**

**WRIT GRANTED.** The district court's June 12, 2025 judgment denying the motion for summary judgment filed by defendant, the Louisiana Insurance Guaranty Association ("LIGA"), is reversed. When an insurer is deemed insolvent, LIGA is deemed to be the insurer to the extent of its obligation on pre-insolvency covered claims and has all the rights, duties, and obligations of the insolvent insurer, as if that insurer had not become insolvent. La. R.S. 22:2058(A)(1)(a) and (A)(2). A covered claim is any unpaid claim by or against the insured which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which LIGA law applies. La. R.S. 22:2055(6). A covered claim shall not include a claim filed with LIGA after the earlier of five years after the date of the order of liquidation of the insolvent insurer or the final date set by the domiciliary court for the filing of claims against the liquidator or receiver of an insolvent insurer. La. R.S. 22:2058(A)(1)(c)(i). Summary judgment in favor of LIGA is proper when a plaintiff's claim was filed after the claim bar date. See **Rivet v. Huntington Ingalls Incorporated,** No. 22-2584, 2022 WL 16529550 (unpublished) (E.D. La. 10/28/22).

Pursuant to the district court's order of liquidation, all proof of claims against Lighthouse Excalibur Insurance were due on or before 4:30 p.m. on September 18, 2022. LIGA filed an affidavit attesting that no record of any claims were filed by plaintiff. Plaintiff failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

Accordingly, the defendant's motion for summary judgment is granted and the claims of plaintiff, William Triay, against defendant, the Louisiana Insurance Guaranty Association, are dismissed.

WIL
EW
CHH

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT